**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **NOLAN JOSEPH BARDELL** | **CIV. ACTION NO. 3:25-01406** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **WALMART, INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions filed by Plaintiff Nolan Bardell: a motion to quash subpoenas [doc. # 41] and a motion for emergency stay of depositions and Rule 45 subpoenas [doc. # 48]. For reasons detailed below, IT IS ORDERED that the motions are DENIED, as moot.[1]

**Background**

Nolan Bardell ("Bardell") filed the instant Petition for Damages ("Petition") and an Amended Petition for Damages ("Amended Petition") on April 28, 2025, and July 24, 2025, respectively, against Walmart, Inc. ("Walmart") in the Fourth Judicial District Court for the Parish of Morehouse, State of Louisiana. [doc. # 1-2]). Bardell seeks to recover a plethora of damages attributable to Walmart's alleged negligent servicing of his 2009 Hyundai Genesis, including his economic losses, consequential losses, non-economic losses, bad faith claims handling damages, statutory penalties, and attorney's fees. *Id.*, ¶¶ 36-42.

On September 2, 2025, Walmart and non-party, Wal-Mart Louisiana, L.L.C. ("Wal-Mart LA"), filed an Answer to the Petition and Amended Petition. (Answer [doc. # 1-2]).[2] On

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal/objection must be made to the district judge in accordance with Rule 72(a).

[2] According to the Answer, Wal-Mart LA is the owner and operator of the Bastrop Walmart

September 23, 2025, Walmart and non-party, Wal-Mart LA, removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Following removal, the Clerk of Court deleted Wal-Mart LA from the case because it was not a party to the original or amended petitions. *See* Sept. 23, 2025 Notice of Corrective Action.

On October 21, 2025, Bardell filed a motion to remand the case to state court, which the Court eventually denied. *See* doc. #s 11-14, 24-31. On July 14, 2026, the Court issued a scheduling order that authorized the parties to engage in, and to complete discovery by October 16, 2026. [doc. # 32]. On July 20, 2026, Bardell filed a motion to alter or amend judgment regarding the denial of the motion to remand, which remains pending before the District Court. *See* doc. # 34.

Meanwhile, consistent with the Court's scheduling order, Walmart issued a subpoena duces tecum to Clay Cooley Hyundai requiring the company to produce any and all service records pertaining to Bardell and his 2009 Hyundai to a Dallas, Texas address by August 14, 2026. *See* Subpoena; Walmart Opp. Brief, Exh. [doc. # 43-2]. Walmart also noticed Bardell's deposition for August 18, 2026, and issued a subpoena to compel his attendance. *See* Notice of Deposition and Subpoena; Walmart Opp. Brief, Exhs. [doc. # 43-3-4].

On August 3, 2026, however, Bardell filed the instant motion to quash the subpoenas on the grounds that (1) because of delay, Walmart waived and/or defaulted on its right to conduct discovery, and (2) until the Court rules on his pending motions challenging the ruling on the motion to remand and issuance of the scheduling order, there is no legal basis or necessity for the parties to engage in depositions or "extractions."

---

Supercenter where Bardell's car was serviced. (Answer, ¶ 2).

On August 6, 2026, Walmart filed its opposition to the motion to quash. (Walmart Opp. [doc. # 43]).

On August 11, 2026, Bardell filed a reply brief [doc. # 47] in support of his motion to quash, as well as the instant motion for emergency stay of depositions and subpoenas [doc. # 48] pending resolution of his threshold motions.

On or about August 13, 2026, counsel for Walmart telephoned Chambers and advised court staff that she would not be moving forward with the subpoenas, at this time, given Mr. Bardell's intransigence and that he would likely not appear at his deposition.

**Analysis**

In light of Walmart's representation that it does not intend to move forward with the depositions, supported by subpoenas, *at this time*, the Court finds that the motions to quash and for emergency stay of depositions and subpoenas are moot. The parties shall re-start discovery as soon as Bardell's pending "threshold" motion(s) is/are resolved.

Insofar as Clay Cooley Hyundai already may have responded to the subpoena or may do so in the future, the Court adds that because the subpoena for Clay Cooley Hyundai seeks compliance not in this district, but in Dallas, Texas, this Court lacks authority to act upon the subpoena, *i.e.*, to quash or modify it. FED. R. CIV. P. 45(d)(3)(A) ("the court for the district where compliance is required must quash or modify a subpoena . . ."); *Sussman v. Fin. Guards, LLC*, Civ. Action No. 15-02373, 2017 WL 11672894, at *3 (E.D. La. Dec. 12, 2017) (motion to quash denied where the EDLA did not have jurisdiction over the place of compliance or production); *Providence Title Co. v. Truly Title, Inc.*, Civ. Action No. 21-0147, 2022 WL 17981500, at *2 (E.D. Tex. Sept. 29, 2022) (court lacked authority to resolve a motion to quash subpoena where the place of production for the requested materials was in a different district); *Dental Resource Systems, Inc. d/b/a Large Practice Sales, v. Michael B. Ashcraft & Michael*

*Ashcraft,* Civ. Action No. 20-2085, 2021 WL 3772688, at *1 (N.D. Tex. Mar. 11, 2021) (because the NDTX is "not the court for the district where compliance is required as to the subpoena at issue," this court has no "authority to address the subpoenas under Rule 45(d)(3) or to transfer Defendants' Rule 45(d)(3) motion under Federal Rule of Civil Procedure 45(f).").

Moreover, as observed by Walmart, Plaintiffs have but limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *Ellis v. Specialty Orthopedic Grp. of Mississippi, PLLC*, Civ. Action No. 23-0060, 2025 WL 2004686, at *1 (N.D. Miss. July 17, 2025) (citation omitted). "Ordinarily, a party does not have standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege regarding the documents." *Id*. (citation omitted). Therefore, a party may not challenge a subpoena directed to a third party on the grounds that the information sought is irrelevant or imposes an undue burden. *Campbell v. GECOS G.M.B.H.*, Civ. Action No. 12-1251, 2012 WL 4483528, at *1 (W.D. La. Sept. 26, 2012). However, a party *does* have "standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant." *Ellis*, 2025 WL 2004686, at *1 (citations omitted). Although Bardell claims a personal interest in the privacy of his car's service records, he has not established that such records represent confidential or protected information. Therefore, Bardell lacks standing to quash the subpoena issued to Cooley Hyundai.

Finally, the Court observes that Bardell provided no persuasive authority to support quashing his own deposition on the basis of Walmart's alleged waiver or default.

**Conclusion**

For the above-assigned reasons,

IT IS ORDERED that Plaintiff Nolan Bardell motions to quash subpoenas [doc. # 41] and for emergency stay of depositions and Rule 45 subpoenas [doc. # 48] are DENIED, as moot.

In Chambers, at Monroe, Louisiana, on this 17th day of August, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE